**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carissa Perry, | No. CV-25-01552-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Exeter Finance LLC, et al., | |
| Defendants. | |

On June 13, 2025, Plaintiff Carissa Perry, who is proceeding *pro se*, filed an application for leave to proceed *in forma pauperis* (Doc. 10) and a complaint (Doc. 9).[1] The application for leave to proceed *in forma pauperis* is granted, which means the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) before it may be served.[2]

In broad strokes, the complaint alleges that Plaintiff obtained a car loan in July 2020; that Plaintiff's car was then repossessed in 2023; that Plaintiff then "executed a written Settlement Agreement with Defendants to resolve the remaining balance in full" in October 2024, which resulted in the issuance of "an IRS Form 1099-C confirming cancellation of debt"; and that "[d]espite executing the agreement and issuing a 1099-C, Defendants continued furnishing derogatory credit data." (*Id.* at 1-2.) Plaintiff alleges that Defendants'

---

[1]    On May 8, 2025, Plaintiff unsuccessfully attempted to file a complaint under seal. (Doc. 6.)  Plaintiff then sought and obtained an extension of time to file the current complaint.  (Docs. 7, 8.)

[2]    Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all *in forma pauperis* proceedings.  *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

conduct violated, among other things, the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") and has caused Plaintiff to sustain three categories of "actual harm": (1) "Denial of vehicle and personal financial opportunities"; (2) "Substantial rental vehicle expenses incurred due to lack of financing"; and (3) "Reputational damage affecting both personal and professional aspects of my life." (*Id.* at 34, 37, 67.) The Court is satisfied that the complaint is "sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).[3]

Plaintiff has also filed two "emergency" motions. First, in an "emergency motion for temporary injunctive relief," Plaintiff seeks an order "prohibiting [Defendants] from accessing, modifying, furnishing, or verifying any consumer credit report data regarding Plaintiff until final resolution of this action." (Doc. 11 at 1.) This motion is denied for two independent reasons. First, Plaintiff is effectively seeking a temporary restraining order ("TRO") without notice to Defendants, but "[a] prerequisite to a no-notice TRO under Rule 65(b)(1)(A) is a sworn statement by the movant 'clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition'" and "Plaintiff has not provided such a sworn statement." *Westbrook v. Quality Loan Serv. Corp.*, 2025 WL 1677892, *3 (D. Ariz. 2025).[4] Second, at any rate, a TRO or "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (cleaned up). *See also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.") (citation omitted). Among other things, a plaintiff seeking such relief "must establish that . . . [s]he is likely to suffer

---

[3]    This ruling is "without prejudice to the Defendants' ability to file a motion to dismiss under Rule 12(b)(6)." *Hausauer v. City of Mesa*, 2020 WL 3268690, *2 (D. Ariz. 2020).

[4]    Although Plaintiff filed a declaration in support of her emergency motion for temporary injunctive relief (Doc. 14), it does not provide the sort of avowal required by Rule 65(b)(1).

irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Plaintiff has not made that required showing here because most of her alleged harms can be remedied through an award of monetary damages at the conclusion of this case, should she succeed, and her allegations of reputational damage are conclusory and unsubstantiated. *Cf. Williams v. Lobel Fin. Corp.*, 673 F. Supp. 3d 1101, 1108 (C.D. Cal. 2023) (denying request for TRO and preliminary injunction, where the plaintiff alleged that the defendants committed FCRA violations that resulted in the loss of his vehicle and "caused him financial harm by preventing him from being able to work and depriving him of valuable personal belongings," because "plaintiff's harm is primarily economic in nature and can be addressed through legal remedies").

Second, in an "emergency motion for alternative service," Plaintiff argues that "[t]he Court should permit [her] to serve Defendants via certified mail and email" because they are "aware of the litigation" and are engaged in ongoing efforts to retaliate against her. (Doc. 12.) This request is granted in part and denied in part. On the one hand, Plaintiff's preference to achieve service quickly in light of Defendants' alleged retaliatory tactics is not the same thing as a showing that service by traditional means would be impracticable. Additionally, as discussed in the previous paragraph, Plaintiff's allegations of ongoing, irreparable harm are conclusory and unsubstantiated. On the other hand, because Plaintiff has been granted leave to proceed *in forma pauperis*, she would be entitled, upon request, to have the United States Marshals Service ("USMS") effectuate service on Defendants. *See* Fed. R. Civ. P. 4(c)(3). *See also Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) ("An IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service"). Liberally construed, Plaintiff's emergency motion for alternative service includes a request to have the USMS effectuate service. (Doc. 12 at 2 [seeking, as alternative relief, "[s]uch other and further relief as this Court deems just and proper"]; *id.* at 13 [certificate of service, including bracketed text referring to service by "U.S. Marshal"].)

…

- 3 -

Accordingly,

**IT IS ORDERED** that:

1.      The application for leave to proceed *in forma pauperis* (Doc. 10) is **granted**.

2.      The emergency motion for a temporary injunctive relief (Doc. 11) is **denied**.

3.      The emergency motion for alternative service (Doc. 12) is **granted in part and denied in part**, as discussed above.

4.      The motion to allow electronic filing (Doc. 13) is **granted**.

5.      The complaint (Doc. 9) may be served.  Service by waiver or service of the summons and complaint shall be at government expense by the U.S. Marshal or his authorized representative. The Court directs the following:

    a.      The Clerk of Court must send Plaintiff a service packet including the complaint (Doc. 9), this Order, and both summons and request for waiver forms for Defendants.

    b.      Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

    c.      If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendants within 90 days of the filing of the complaint (Doc. 9), the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m).

    d.      **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff**.

Dated this 30th day of June, 2025.

Dominic W. Lanza
United States District Judge